IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS L. COOPER,

                    Plaintiff,

        v.                                              OPINION & ORDER

C.O. ALLISON McGOWAN, C.O. ROSENAU,                       17-cv-383-jdp
C.O. PATRICK GORMAN, C.O. BRITTEN,
SERGEANT SANCHEZ, C.O. TERRANCE LASH,
and CAPT. TRITT,

                    Defendants.

---

Several motions are before the court in this case brought by pro se plaintiff Demetrius L. Cooper, currently incarcerated at the Waupun Correctional Institution (WCI).

I previously granted him leave to proceed on deliberate indifference, conditions-of-confinement, and retaliation claims against defendant WCI officials concerning their refusal to place Cooper in clinical observation status and subsequent retaliatory acts. Dkt. 9 and Dkt. 14. I ordered defendants to respond to Cooper's motion for a preliminary injunction compelling the Wisconsin Department of Corrections to transfer him to the Wisconsin Resource Center. Dkt. 20. And I ordered defendants to show cause why I should not order them to provide Cooper copies of records relevant to this case. *Id.* In the meantime, Cooper filed a second motion to compel, Dkt. 21, and a motion for entry of default, Dkt. 43. I will address each issue in turn.

A.  **Motion for a preliminary injunction**

Cooper seeks a preliminary injunction compelling the Department of Corrections to transfer him to the Wisconsin Resource Center (WRC) so that he may attend a mental health

program there. Dkt. 17. He contends that his ongoing mental health issues, which form the basis of his claims in this lawsuit, have not been adequately treated by WCI staff. He states that if he is not transferred to WCR, "he is likely to suffer irreparable harm such as a successful suicide attempt." *Id.* at 2.

A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain injunctive relief, Cooper must show that (1) he will suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claims has some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). If Cooper makes this showing, he must further demonstrate that the balance of harms tips in his favor and that the public interest favors the injunctive relief. *Id.*

The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). The PLRA also requires the court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." § 3626.

A successful suicide attempt would certainly be an irreparable harm. Defendants argue that Cooper has not shown that he would be able to successfully commit suicide at WCI because clinical observation status prevents inmates like Cooper from harming themselves or

others. Of course, if WCI staff are barring Cooper from entering observation, as Cooper alleges, then it can't do him any good. That's the basis of Cooper's claims: he alleges he told many of the defendants that he wanted to commit suicide, and yet they refused to place him in observation; when he complained about their response, some defendants retaliated against him. *See* Dkt. 9 and Dkt. 14.

But Cooper hasn't show that there is any likelihood that he'll succeed on the merits of his claims. The record is devoid of evidence showing that any defendant in this case barred Cooper from entering observation. Instead, Cooper now indicates that he chooses not to go into observation because he doesn't like it—he complains that the observation cells are too cold, the staff use observation status as punishment, and the other inmates near the observation cells kick and scream all night. It's clear that Cooper is unhappy with the mental health treatment available at WCI, but that alone does not entitle him to preliminary injunctive relief. He has the burden of showing that he has a likelihood of success on his claims, and he does not set forth facts bolstering those claims. So I will deny his motion for preliminary injunctive relief.

## B. Access to medical records

In his September 12 motion to compel, Cooper indicated that the state would not let him use his legal loan to make copies of part of his medical record. Dkt. 19. I ordered defendants to show cause why I should not order that Cooper be provided with copies of the records that he has requested and offered to pay for. Dkt. 20. Defendants responded by indicating that their counsel had directed Ms. Felder, of the WCI Business Office, to provide copies of the medical records Cooper requested and any other records he requests in the future. As a result, defendants argue, a court order is unnecessary. On the same day that defendants

filed their response, Cooper filed a second motion to compel. Dkt. 21. He stated that Ms. Felder had "seized Cooper's legal documents" and refused to provide him with copies of the medical records he previously requested. *Id.* ¶ 3. It appears that the "seizure" of Cooper's medical records was short-term, so that copies could be made. The copies have since been made and given to Cooper; he has notified the court that that "both motions are now moot." Dkt. 27, ¶ 6. But he argues that he is still entitled to $5,000 "as reasonable expenses in obtaining an order" compelling the production of documents. *Id.*

I will deny Cooper's motions. Everyone agrees that WCI is now providing Cooper with copies of records that he requests and pays for with his legal loan, so an order compelling production is unnecessary. Cooper appears to be unsatisfied with the length of time it takes to receive copies, but a delay of a few days, or even a week, is not unreasonable, especially now, at the beginning of the case, when discovery has not yet begun. So Cooper is not entitled to his reasonable expenses.

## C. Motion for entry of default

Cooper moves for entry of default against defendants. Dkt. 43. The clerk's office is responsible for entering default under Federal Rule of Civil Procedure 55(a) but has not done so in this case because default is inappropriate.

Rule 55(a) provides that default must be entered against a party against whom affirmative relief is sought, but who fails "to plead or otherwise defend." Defendants have appeared in this suit and opposed Cooper's motions, as discussed above, so default is inappropriate. Cooper points out that defendants have not yet answered or otherwise pleaded to Cooper's complaint. But as I explained in my September 19 order granting Cooper leave to proceed on his claims, under an informal service agreement between the Wisconsin

Department of Justice and this court, the Department of Justice has 60 days from September 19 to answer Cooper's complaint if it accepts service for defendants. Dkt. 20, at 6. The Wisconsin Department of Justice has accepted service for all defendants, *see* Dkt. 34, so defendants have until November 20 to answer. Cooper's motion for entry of default is denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Demitrius L. Cooper's motion for preliminary injunction, Dkt. 17, is DENIED.

2. Plaintiff's motions to compel, Dkt. 19 and Dkt. 21, are DENIED.

3. Plaintiff's motion for entry of default, Dkt. 43, is DENIED.

Entered November 7, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge