IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS L. COOPER,

        Plaintiff,

v.

ALLISON McGOWAN, KHRYSTYNA ROSENAU,
PATRICK GORMAN, MICHAEL BRITTEN,
NATHAN SANCHEZ, TERANCE LASH, and
KYLE TRITT,

        Defendants.[1]

OPINION & ORDER

17-cv-383-jdp

---

      Several motions are pending in this pro se prisoner suit. Plaintiff Demetrius L. Cooper is currently incarcerated at the Waupun Correctional Institution (WCI). On September 19, 2017, I granted him leave to proceed on deliberate indifference, conditions-of-confinement, and retaliation claims against defendant WCI officials concerning their refusal to place Cooper in clinical observation status and subsequent retaliatory acts. Dkt. 20. I also denied Cooper's motion for appointment of a special expert. Less than a month later, Cooper moved for summary judgment against defendant Kyle Tritt. Dkt. 35. Defendants moved to stay briefing on the motion, pointing out that otherwise, their opposition brief would be due four days before their answer. Dkt. 45. Magistrate Judge Stephen Crocker granted defendants' motion, staying briefing on the summary judgment motion until a new briefing schedule can be set at the preliminary pretrial conference. Dkt. 46.

---

[1] I have amended the caption to reflect defendants' full names.

Now, Cooper asks me to review the magistrate judge's order. Dkt. 47. He contends that he will be unfairly prejudiced by a stay because he won't be able to receive the help of a jailhouse lawyer. He explains that this jailhouse lawyer is in high demand and must be booked in advance. I infer that Cooper booked the jailhouse lawyer's help for a November 27 reply date and that he is concerned that the jailhouse lawyer may not be available for another reply date. But if Cooper needs additional time to prepare his reply brief, he may request an extension from the court. There is no need to barrel forward with the summary judgment motion while defendants are still in the early stages of formulating their defense.

Cooper contends that the fact that defendants have not yet answered the complaint doesn't matter, citing *Electro-Catheter Corp. v. Surgical Specialties Instrument Co.*, 587 F. Supp. 1446 (D.N.J. 1984). Decisions from the U.S. District Court for the District of New Jersey—indeed, decisions from *any* district court, including this one—are not binding on this court. And regardless, *Electro-Catheter* merely held that a summary judgment motion filed before the defendant answered the amended complaint was timely and therefore could be addressed on the merits. *Id.* at 1456. I agree that Cooper's summary judgment motion is timely and can be addressed on the merits. The question is simply whether it should be briefed now or later. Because the case is still in the very early stages of litigation and the potential prejudice to defendants outweighs the potential prejudice to Cooper, a short stay is appropriate.

Cooper also asks me to reconsider my order denying his motion for a special expert. Dkt. 49. In his original motion, Cooper asked me to appoint an expert on deliberate indifference. Dkt. 16. I denied his motion because it was very early in the litigation and because deliberate indifference is often not a topic on which expert testimony is required. Now, Cooper points to his summary judgment motion and argues that he needs a gastroenterologist to

"address the medical issues" in the case. Dkt. 49, at 2. I will deny Cooper's motion. It remains very early in the litigation; discovery has not yet commenced, and Cooper's case still may not survive a motion to dismiss or a motion for summary judgment based on a statute of limitations or exhaustion of administrative remedies. And Cooper does not explain why an expert would be useful to him now that his summary judgment motion is already filed. So I will deny his motion for an expert.

Finally, Cooper moves for entry of default against defendants. Dkt. 50. The clerk's office is responsible for entering default under Federal Rule of Civil Procedure 55(a) but has not done so in this case because default is inappropriate. Rule 55(a) provides that default must be entered against a party against whom affirmative relief is sought, but who fails "to plead or otherwise defend." Defendants have answered Cooper's complaint, *see* Dkt. 48, so default is inappropriate.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius L. Cooper's motion for reconsideration of the order staying summary judgment briefing, Dkt. 47, is DENIED.

2. Plaintiff's motion for reconsideration of the order denying his motion for a special expert, Dkt. 49, is DENIED.

3. Plaintiff's motion for entry of default, Dkt. 50, is DENIED.

Entered December 4, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge