IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS L. COOPER,

              Plaintiff,

v.

ALLISON McGOWAN, KHRYSTYNA ROSENAU,
PATRICK GORMAN, MICHAEL BRITTEN,
NATHAN SANCHEZ, TERANCE LASH, and
KYLE TRITT,

              Defendants.[1]

ORDER

17-cv-383-jdp

---

Less than a month after I granted pro se plaintiff Demetrius L. Cooper leave to proceed on deliberate indifference, conditions-of-confinement, and retaliation claims against defendant Waupun Correctional Institution officials, Cooper moved for summary judgment against defendant Kyle Tritt. Dkt. 20. The magistrate judge stayed briefing on Cooper's motion until a new briefing schedule could be set at the preliminary pretrial conference. Dkt. 46. In a December 12, 2017 order, I affirmed the magistrate judge's decision and denied Cooper's motion to reconsider my earlier order denying his motion for a special expert. Dkt. 52.

Cooper has now filed an "objection" challenging these rulings a second time. Dkt. 53. I will construe his filing as a motion for reconsideration and deny it for the reasons previously stated. The law does not allow for endless motions for reconsideration. Disagreement with the court's decision is not a valid basis for such a motion.

---

[1] I have amended the caption to reflect defendants' full names.

But I will briefly address two points raised by Cooper. First, Cooper argues that he needs to obtain medical evidence to present with his reply brief in support of his summary judgment motion. But as the court's procedures on motions for summary judgment indicate, a moving party must submit all evidentiary materials in support of summary judgment with the motion; the reply is limited to addressing the responding party's response. These procedures were sent to Cooper after he filed his summary judgment motion. Second, Cooper complains that he is not allowed "to engage in seeking medical evidence." *Id.* at 2. But my ruling denying his motion for a special expert on medical issues does not bar Cooper from seeking medical evidence in general. Cooper is free to search for and obtain evidence on his own or in discovery once it commences after the preliminary pretrial conference.

That brings me to Cooper's most recent filing asking the court to "authoriz[e] . . . a meeting pursuant to Rule 26(f)" or to order Tritt to respond to Cooper's requests for admission. Dkt. 54. I will deny this motion, too. As is explained in the court's notice regarding the telephonic preliminary pretrial conference, the parties are not required to confer with each other before the telephonic pretrial conference under Federal Rule of Civil Procedure 26(f), and the court has ordered that discovery not begin until after the pretrial conference. Cooper received a copy of this notice when the court scheduled the telephonic pretrial conference in this case. There is no reason to deviate from the court's standard practice here. Cooper may engage in discovery once the pretrial conference has occurred, but not before.

ORDER

IT IS ORDERED that:

1. Plaintiff Demetrius L. Cooper's motion for reconsideration of the order denying his motions for reconsideration, Dkt. 53, is DENIED.

2. Plaintiff's motion to compel discovery, Dkt. 54, is DENIED.

Entered December 28, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge